**O**

# United States District Court
# Central District of California

| | |
|---|---|
| ADAM HAHKA, | Case № 2:15-cv-07539-ODW (RAO) |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO** |
| ROADTEX TRANSPORTATION | **WITHDRAW AS DEFENDANTS'** |
| CORP.; ROADTEX LTL INC.; ATL | **COUNSEL OF RECORD [32]** |
| GROUP LLC; PAYROLL PLUS CORP.; | |
| and DOES 1–15, inclusive, | |
| Defendants. | |

## I.  INTRODUCTION

Before the Court is Patrick J. Folan, Steven M. Brennan, Michael Minguet, Brian J. St. John, Robert P. Donovan, and Vimal K. Shah's Motion to Withdraw as counsel for Defendants in the case at bar.  (Mot., ECF No. 32.)  Plaintiff has not opposed the Motion.  For the reasons set forth below, the Court **GRANTS** the Motion to Withdraw and **ORDERS** Defendants Roadtex LTL, Inc. and ATL Group LLC to obtain new counsel by September 18, 2016.[1]

---

[1] After carefully considering the papers filed in support of the Motion, the Court deems the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.

## II.  FACTUAL BACKGROUND

Plaintiff Adam Hahka, on behalf of himself and those similarly situated, filed the instant action in the Los Angeles Superior Court on July 8, 2015, seeking relief for various wage and rest break violations under California law.  (Compl., Not. of Removal, ECF No. 1-1.)  Defendants removed the matter to this Court on September 25, 2015.  (Not. of Removal, ECF No. 1.)  Parties filed several joint stipulations to stay the action pending mediation, which the Court granted.  (ECF Nos. 15, 17, 19– 20, 24–27.)  The case is currently stayed through September 18, 2016, with a scheduling conference set for October 3, 2016.  (ECF Nos. 27, 29.)

On July 29, 2016, Defendants' counsel, and their respective law firms, filed a Motion to Withdraw as counsel of record for Defendants Roadtex LTL, Inc. and ATL Group, LLC.  (Mot., ECF No. 32.)  According to counsel, the relationship between Defendants and their chosen counsel has so deteriorated that counsel can no longer perform their professional duties effectively.  (*Id.* 3.)  Plaintiff has not opposed this motion.

The Motion is now before the Court.

## III.  LEGAL STANDARD

Under the local rules of this Court, "[a]n attorney may not withdraw as counsel except by leave of court."  L.R. 83-2.3.2; *see also Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal.1992).  "A motion for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action," and must be for good cause.  L.R. 83-2.3.2.  However, "[a]n attorney requesting leave to withdraw from representation of an organization of any kind (including corporations, limited liability corporations, partnerships, limited liability partnerships, unincorporated associations, trusts) must give written notice to the organization of the consequences of its inability to appear pro se."  L.R. 83-2.3.4.

The decision to grant or deny a motion to withdraw as counsel for a party is within the Court's discretion. *See, e.g.*, *Huntington Learning Ctrs., Inc. v. Educ. Gateway, Inc.*, 2009 WL 2337863 at *1 (C.D. Cal. June 28, 2009).

## IV.   DISCUSSION

The Court finds good cause for withdrawal.  In their Motion, counsel details how Defendants have affirmatively cut their attorneys out of settlement discussions and filed ex parte letters in the related state court matter without counsel's knowledge. (Donovan Decl. ¶ 5–6, ECF No. 32-4.)  With a client that refuses to listen to the advice of counsel or include counsel in settlement negotiations, the Court agrees that the attorney-client relationship is irreparably broken.  *See* Cal. R. Prof. Conduct 3-700(C)(1)(d) (permissive withdrawal allowed when client's conduct "renders it unreasonably difficult for the member to carry out the employment effectively."); *see also Deal v. Countrywide Home Loans*, No. C 09-01643 SBA, 2010 WL 3702459, at *2–4 (N.D. Cal. Sept. 15, 2010) (finding withdrawal warranted where the client has made it unreasonably difficult to carry out course of representation effectively). Furthermore, the Motion complies with the Local Rules' notice requirements. Counsel has sent written notice to Defendants of the consequences of their withdrawal and the necessity to retain new counsel in order for the case to proceed.  (Donovan Decl. ¶ 10.)

The Court finds that allowing counsel to withdraw will not unduly delay the resolution of this action or prejudice Plaintiff (who did not oppose the Motion), so long as Defendants find suitable representation.  Without counsel, this matter cannot proceed because Defendants are business entities, and a corporation may not appear in federal court pro se.  C.D. Cal. R. 83–2.2.2 ("Only individuals may represent themselves pro se.  No organization or entity of any other kind (including corporations …) may appear in any action or proceeding unless represented by an attorney permitted to practice before this Court under L.R. 83–2. 1."); *see also Rowland v. Cal.*

*Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993) ("It has been the law for the better part of two centuries ... that a corporation may appear in the federal courts only through licensed counsel."); 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."). While parties appear to be engaged in good faith settlement discussions, any prior conversations between Plaintiff and Defendants cannot be approved without adequate defense counsel. Thus, the case as it stands right now is at a halt. These discussions can resume once Defendants have secured counsel.

Finally, this matter is stayed until September 18, 2016—ample time for Defendants to secure new counsel before the October 3, 2016 scheduling conference.

## V.   CONCLUSION

For the reasons discussed above, the Court **GRANTS** the Motion to Withdraw. Furthermore, the Court **ORDERS** Defendants Roadtex LTL Inc. and ATL Group LLC to obtain new counsel **by September 18, 2016**. If counsel is not obtained by such time, the case may be dismissed or a default judgment may be entered.

**IT IS SO ORDERED.**

August 9, 2016

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**